IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

MAUREEN VANNEST (f/k/a, DILORETI),
individually and on behalf of
a class of similarly-situated persons,

        Plaintiff,

vs.                                                Civil Action No. 5:21cv00086-JPB

NATIONSTAR MORTGAGE LLC,
d/b/a MR. COOPER,

        Defendant.

## AMENDED COMPLAINT

### Preliminary Statement

1.     Plaintiff Maureen Vannest (f/k/a Diloreti) on behalf of herself and all others similarly situated, alleges violations of the West Virginia Consumer Credit and Protection Act ("CCPA"), §46A-2-128(d) and breach of contract against Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar").

2.     Nationstar is an industry leading servicer of residential mortgages. But Nationstar impermissibly profits from the homeowners it purports to service by charging and collecting illegal payment processing fees when borrowers make their monthly mortgage payments by telephone ("Pay-to-Pay Transactions"). Nationstar routinely violates West Virginia debt collection law and breaches the uniform terms of borrowers' mortgages ("Uniform Mortgages") by charging and collecting these illegal processing fees ("Pay-to-Pay Fees").

3.     Nationstar charges a Pay-to-Pay Fee between $14 and $19 each time a customer makes a payment over the phone.

4.      As a servicer, Nationstar is supposed to be compensated out of the interest paid on each borrower's monthly payment—not via additional "service" fees that do not reflect the cost to Nationstar of providing such services. Under West Virginia law, Nationstar cannot mark-up the amounts it pays third parties to provide borrowers' services and impose unauthorized charges not explicitly included in the deed of trust to create a profit center for itself. Even if the fee was explicitly included in the deed of trust (which it is not), Nationstar cannot charge it in West Virginia unless express authorized by statute.  None of the Pay-to-Pay Fees are permitted by the deed of trust or by statute, and, therefore, Nationstar violates West Virginia law by charging those fees. And, by charging these unauthorized Pay-to-Pay Fees, Nationstar violates its contractual obligations to its borrowers.

5.      Despite its uniform contractual obligations to charge only fees explicitly allowed under the mortgage, applicable law, and only those amounts actually disbursed, Nationstar leverages its position of power over homeowners and demands exorbitant Pay-to-Pay Fees. Upon investigation and belief, the actual cost for Nationstar to process online mortgage payment transactions is very low— around 50 cents -- well below the Pay-to-Pay Fees that Nationstar charges West Virginia mortgagers.  Nationstar pockets the difference as pure profit.

6.      Plaintiff Maureen Vannest paid these Pay-to-Pay Fees, and bring this class action lawsuit individually and on behalf of all similarly situated putative class members to recover the unlawfully charged Pay-to-Pay Fees and to enjoin Nationstar from continuing to charge these unlawful fees.

## PARTIES

7.      The named Plaintiff, Maureen Vannest, is a West Virginia resident.

8.      Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper is a loan servicer and debt collector that services home loans in West Virginia.

## FACTS

### *The Mortgage Servicing Industry*

9.      Mortgage lenders rarely service their own loans. In many cases, lenders specialize in the origination of the loan, but they are not equipped to handle the day-to-day administrative tasks that come with a mortgage. Instead of managing these duties in-house, they assign the servicing rights of their loans to a designated servicer—a company that specializes in the actual management and administration of mortgages.

10.      A mortgage servicer is a company that, in turn, handles the day-to-day administrative tasks of a mortgage loan, including receiving payments, sending monthly statements and managing escrow accounts.

11.      There are two main, assignable rights under a Deed of Trust and Note.  There are ownership rights as the lender under the agreement.  Separately, there are mortgage servicing rights that entitle the Lender to enforce the Deed of Trust, collect mortgage loan payments, and charge fees allowed by the Note and Deed of Trust.

12.      Nationstar is a loan servicer that operates around the country. Nationstar buys mortgage servicing rights and exercises those mortgage servicing rights to collect mortgage payments, charge fees, enforce the Deed of Trust and Note, as well as initiate foreclosure on properties that secure the Deed of Trust and Note. Nationstar exercises these rights where there is a valid assignment that is granted to Nationstar in an asset purchase agreement.  Nationstar

is a privately-held company and does not disclose the terms of its asset purchase and assignment agreements publicly.

13.     Each time a mortgage borrower whose loan is serviced by Nationstar makes a payment over the phone ("Pay-to-Pay Transaction"), Nationstar charges the borrower a Pay-to-Pay Fee of up to $19.00 when borrowers make payments over the phone by speaking with a Nationstar customer service representative and a Pay-to-Pay Fee of up to $14.00 each time a customer makes a payment by the automated phone system.

14.     Typically, a loan servicer will use a vendor to process transaction. The usual cost that a servicer like Nationstar pays to process Pay-to-Pay Transactions is $.50 or less per transaction. Thus, the actual cost to Nationstar to process the Pay-to-Pay Transactions is well below $14.00 to $19.00 amounts charged to borrowers, and Nationstar pockets the difference as profit.

15.     The Uniform Mortgages of Nationstar's borrowers do not authorize Nationstar to collect Pay-to-Pay Fees. In fact, the Pay-to-Pay Fees violate borrowers' mortgages.

16.     There is no statute that authorized Nationstar to collect Pay-to-Pay fees.

***Named Plaintiff's Facts***

17.     On or January 25, 2006, Maureen Vannest, purchased a home in Wheeling, West Virginia, financed in part by a loan from Countrywide Home Loans, Inc., secured by a mortgage on the property ("Countrywide Loan").  On or about July 14, 2009, Maureen Vannest  obtained a loan in the amount of $68,200 from Bank of America ("Plaintiff's Loan"), also secured by a mortgage on the property (the "Deed of Trust").  The Deed of Trust is attached as **Exhibit A.**  On or about August 23, 2019, the Countrywide Loan was paid off and the

mortgage lien associated therewith released. Plaintiff took out both mortgage loans secured by the property for personal, family, or household uses.

18.     During the pendency of her loan, Nationstar acquired the servicing rights to Plaintiff's loan.  As a servicer, Nationstar asserted the right to collect payments and perform services under the Deed of Trust on behalf of the lender. The Deed of Trust provides that the loan servicer possesses a "partial interest in" the Note, which may be transferred. *See* Ex. A ¶ 20. The Deed of Trust further provides that "[t]he covenants and agreements of this Security Instrument shall bind (except as provided in section 20) and benefit the successors and assigns of Lender." Ex. A ¶ 13.

19.     Nationstar became bound as an assignee to the Deed of Trust at the time it acquired the servicing rights. In order to exercise rights under the Deed of Trust to collect Plaintiffs' mortgage payments, there must be an assignment of mortgage servicing rights.

20.     On November 22, 2019, Plaintiff made a loan payment by phone in the amount of $439.08 and was charged a Pay to Pay Fee in the amount of $19.00.

21.     Under the terms of the Deed of Trust, collection costs may only be charged in connection with the Plaintiff's default. Ex. A, ¶ 14.

22.     Under the terms of the Deed of Trust, default related fees may only be collected for "any amounts disburse[d]" in connection with a default. Ex. A, ¶ 9.

23.     Nationstar did not disburse the entire $19.00 collected in the Pay-to-Pay transaction to any third party.

24.     Nationstar collects the Pay-to-Pay Fees even though it knows that such fees are not authorized under the Deed of Trust and that it therefore has no right to collect them.

25.     Like other borrowers whose mortgages are serviced by Nationstar, Plaintiff's Deed of Trust incorporates standard language from Fannie Mae model mortgages.  And like other Fannie Mae mortgages, the Deed of Trust states that the servicer "may not charge fees that are expressly prohibited by this Security Instrument, or by Applicable Law." Ex. A ¶ 14.

26.     "Applicable Law" is defined as "all controlling applicable federal, state and local statutes, regulations, ordinances, and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Ex. A at 2, ¶ (J).

27.     The Deed of Trust further states that it is "governed by federal law and the law of the jurisdiction in which the Property is located," *i.e.*, West Virginia. Ex. A ¶ 16.

28.     Charging Pay-to-Pay Fees not authorized by the Deed of Trust violated the law of West Virginia, *i.e.*, the CCPA.  *See* 46A-2-128(d).

29.     By collecting Pay-to-Pay Fees in violation of "Applicable Law," *i.e.*, the CCPA, Nationstar breached the uniform covenants of the Deed of Trust.

30.     Nationstar collected more than the amount it disbursed to process the Pay-to-Pay Transactions.

31.     The above paragraphs are contained in the Uniform Covenants section of the Deed of Trust, Nationstar thus breached its contracts on a class-wide basis.

32.     Prior to filing this Complaint, Plaintiff made written pre-suit demands upon Nationstar.

33.     Nationstar was given the time required by the CCPA to cure the breaches complained of herein but has failed to do so.

## THE PROPOSED CLASS

34.     The named Plaintiff brings this action on her own behalf and on behalf of all

other similarly situated individuals pursuant to Rule 23 of the West Virginia Rules of Civil

Procedure.  The class is presently defined as:

> All persons (1) with a residential mortgage loan securing a property in West Virginia, (2) serviced or sub-serviced by Nationstar, (3) who paid a fee to Nationstar for making a loan payment by telephone or interactive voice recognition (IVR), during the applicable statutes of limitations through the date a class is certified.

35.     Excluded from the class are the Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

36.     Class members are identifiable through Defendant's records and payment databases.

37.     Plaintiff proposes that she serve as the class representative.

38.     Plaintiff and the Class have all been harmed by the actions of Defendant.

39.     Numerosity is satisfied. There are hundreds if not thousands of class members. Individual joinder of these persons is impracticable.

40.     There are questions of law and fact common to Plaintiff and to the Class, including, but not limited to:

> a.     Whether Nationstar assessed Pay-to-Pay Fees on Class members;

> b.     Whether Nationstar breached its contracts with borrowers by charging Pay-to-Pay Fees not authorized by their Deed of Trusts;

> c.     Whether Nationstar violated the CCPA by charging Pay-to-Pay Fees not authorized by the loan agreement and by statute;

> d.     Whether Nationstar's business practices are unlawful;

e.     Whether Nationstar's cost to process Pay-to-Pay Transactions is less than the amount that it collects for Pay-to-Pay Fees;

f.     Whether Plaintiffs and the Class were damaged by Nationstar's conduct;

g.     Whether Plaintiffs and the Class are entitled to actual and/or statutory damages as a result of Nationstar's actions; and

h.     Whether Plaintiff and the Class are entitled to attorney's fees and costs.

41.     Plaintiff's claims are typical of the claims of the Class members. Nationstar charged her a Pay-to-Pay Fee in the same manner as the rest of the Class members. Plaintiff and the Class members entered into uniform covenants in their Deed of Trusts that prohibit Pay-to-Pay charges.

42.     Plaintiff is an adequate class representative because her interests do not conflict with the interests of the class members and she will adequately and fairly protect the interests of the class members. Plaintiff has taken actions before filing this complaint, by hiring skilled and experienced counsel, and by making a pre-suit demand on behalf of class members to protect the interests of the class.

43.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

44.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## CLAIMS FOR RELIEF

### COUNT  I — Illegal Assessment of Pay-to-Pay Fees
### (Class and individual claim)

45.     Plaintiff incorporates the preceding paragraphs by reference.

46.     Neither Plaintiff's Note nor Plaintiff's Deed of Trust provide for the assessment of Pay-to-Pay fees.

47.     The assessment of a $14.00 to $19.00 Pay-to-Pay fee is not expressly authorized by statute.

48.     Section 46A-2-128(d) provides that it is unfair or unconscionable to collect or attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating the obligation and by statute.

49.     Nevertheless, in violation of § 46A-2-128(d), Nationstar regularly and systematically assessed Plaintiff and putative class members speed pay fees.

50.     By assessing Plaintiff and the putative class members these unlawful fees, Nationstar caused Plaintiff and the putative class members to suffer damages.

### COUNT  II – False Representation of Amount of Claim
### (Class and individual claim)

51.     Plaintiff incorporates the preceding paragraphs by reference.

52.     By assessing or collecting Pay-to-Pay fees that it had no right to assess—as set forth above—Nationstar misrepresented the amount of a claim in violation of West Virginia Code § 46A-2-127(d).

53.      By representing that the existing debt obligation of Plaintiff and putative class members may be increased by the addition of fees or charges when in fact such fees or charges may not legally be added to the existing obligation, Nationstar violated W.V. Code 46A-2-127(g).

54.     By assessing Plaintiff and the putative class members these unlawful fees, Nationstar caused Plaintiff and the putative class members to suffer damages.

9

## COUNT III – Breach of Contract
### (Class and individual claim)

55.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56.     Plaintiff and the Class Members entered into contracts with Nationstar. Nationstar breached its contracts with Plaintiff and the Class Members when it charged Pay-to-Pay Fees not agreed to in their Deed of Trusts, specifically prohibited by their Deed of Trusts, and in excess of the amounts actually disbursed by Nationstar to pay for the cost of Pay-to-Pay Transactions.

57.     Plaintiffs purchased a home subject to the Deed of Trust. *See* Ex. A.

58.     At some point, Nationstar was assigned the servicing rights to the loan. As servicer, Nationstar has the right to collect payments and perform services for the borrower on behalf of the lender. The Deed of Trust provides that the loan servicer possesses a "partial interest in" the Note, which may be transferred. *See* Ex. A ¶ 20. The Deed of Trust further provides that "[t]he covenants and agreements of this Security Instrument shall bind (except as provided in section 20) and benefit the successors and assigns of Lender." Ex. A ¶ 13. Nationstar thus became bound as an assignee to the Deed of Trust at the time it acquired the servicing rights to the subject mortgage loan.

59.     On November 25, 2019, Nationstar charged Plaintiff a $19.00 Pay-to-Pay Fee for making a payment over the phone.

60.     This fee was not authorized by the Deed of Trust.

61.     Like other borrowers whose mortgages are serviced by Nationstar, Plaintiffs' Deed of Trust incorporates standard language from Fannie Mae model mortgages.  And like other Fannie Mae mortgages, the Deed of Trust states that the servicer "may not charge fees that are expressly prohibited by this Security Instrument, or by Applicable Law." Ex. A ¶ 14.

62.     The Deed of Trust states that "[t]his Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located," i.e., West Virginia. Ex. A ¶ 16. It further states that "Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law." *Id*. ¶ 14.

63.      "Applicable Law" is defined as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Ex. A at 2 ¶ (J).

64.     Charging Pay-to-Pay Fees not authorized by the Deed of Trust violated the CCPA, i.e., West Virginia law.

65.     By collecting Pay-to-Pay Fees in violation of "Applicable Law," i.e., the CCPA, Nationstar breached the uniform covenants of the Deed of Trust.

66.     Even if the Pay-to-Pay Fees could somehow be construed as a default-related fee under ¶ 9, "Protection of Lender's Interest in the Property and Rights Under This Security Instrument" section, that section permits only "amounts *disbursed* by lender" to become the debt of the borrower. *See* Ex. A ¶ 9 (emphasis added). By assessing more than the amounts it actually disbursed to the balance of Plaintiffs' mortgage, Nationstar violated Paragraph 9 of the Deed of Trust.

67.     Because the above provisions are contained in the "Uniform Covenants" section of the Deed of Trust, Nationstar has breached its contracts on a class-wide basis.

68.     Plaintiff and the members of the Class were damaged by Nationstar's breach.

## **<u>RELIEF SOUGHT</u>**

**WHEREFORE**, Plaintiff seeks the following relief for herself and for all class members:

(a)     A declaration that the conduct above is unlawful;

(b)     Actual and compensatory damages;

(c)     A civil penalty for each violation of Chapter 46A, under West Virginia Code §§ 46A-5-101(1) and -106, and all other applicable statutory provisions;

(d)     Reasonable attorneys' fees and the costs of this action, under West Virginia Code §§ 46A-5-104 and -106(a);

(e)     Pre- and post-judgment interest; and

(f)     All other relief the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**.

By:     Jason E. Causey /s/
        Jason E. Causey (WV Bar No. 9482)
        BORDAS & BORDAS, PLLC
        1358 National Road
        Wheeling, WV 26003
        (304) 242-8410
        jcausey@bordaslaw.com

        Jonathan R. Marshall (WV Bar No. 10580)
        Patricia M. Kipnis (WV Bar No. 12896)
        BAILEY & GLASSER, LLP
        209 Capitol Street
        Charleston, WV 25301
        (304) 345-6555
        jmarshall@baileyglasser.com
        pkipnis@baileyglasser.com

        *Counsel for Plaintiffs*