IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

MAUREEN VANNEST (f/k/a,
DILORETI), individually and on
behalf of a class of similarly-situated
persons,

                                                            Civil Action No. 5:21cv00086-JPB

                Plaintiff,

vs.

NATIONSTAR MORTGAGE LLC,
d/b/a MR. COOPER,

                Defendant.

### [REDACTED] ORDER ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SCHEDULING ORDER

Pending before the Court is a Motion for Preliminary Approval of Class Action Settlement filed by Plaintiff Maureen Vannest ("Plaintiff"), on behalf of a proposed settlement class. Plaintiff and Defendant Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Nationstar"), have agreed to settle this Action pursuant to the terms and conditions set forth in a written Settlement Agreement (the "Settlement"). Plaintiff and Nationstar reached the Settlement after exchange of discovery and through arms'-length negotiations with the assistance of Stephen Dalesio, an experienced and well-respected mediator. After careful consideration, this Court GRANTS the motion and, in exercise of its discretion, APPROVES the Settlement on a preliminary basis, based on the following findings and conclusions.

<u>The Class, the Class Representatives, and Class Counsel</u>

The parties have agreed to certification of a Settlement Class for settlement purposes only, defined as:

1

> All persons (1) with a residential mortgage loan securing a property in West Virginia, (2) serviced or sub-serviced by Nationstar, (3) who paid a fee to Nationstar for making a loan payment by telephone or interactive voice recognition (IVR) during the applicable statute of limitation. The class consists of borrowers on 1,566 accounts, who in 10,637 instances paid convenience fees to make a payment by telephone.

The Settlement Class is hereby provisionally certified for settlement purposes only.

The Court appoints Maureen Vannest as Class Representative for the Settlement Class. The Court appoints the following firms and attorneys as Class Counsel:

>BAILEY & GLASSER LLP
>Jonathan R. Marshall
>Patricia M. Kipnis
>James L. Kauffman
>
>BORDAS & BORDAS, PLLC
>Jason Causey

Preliminary Approval of Settlement

Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release all claims regarding Nationstar's fees for optional payment services in exchange for Nationstar's payment of $2,347,380.00 (the "Settlement Amount") to create a common fund to benefit the Settlement Class. This fund will be used to pay settlement payments to settlement class members, which payments will be allocated on a per-fee basis. The Settlement Amount is inclusive of all attorneys' fees and expenses, court costs, class notice and other class administrative costs, and service awards to Plaintiff, all in amounts to be approved by the Court.

The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of

collusion, is the product of informed, good-faith, arms'-length negotiations between the parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator, Stephen Dalesio. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter final judgment.

<u>Approval of Notice and Notice Program and Direction to Effectuate Notice.</u>

The Parties have agreed that they will jointly select a Settlement Administrator and have selected ILYM. The Court approves that selection and appoints ILYM as the Settlement Administrator to perform in accordance with the Settlement Agreement.

The Court approves the form, manner, and content of the Notice, substantially in the form attached as Exhibit A to the Settlement Agreement, and the procedures for settlement class members to opt out or object. The Court further finds that the Notice program, described in section 10 of the Settlement Agreement, is the best practicable under the circumstances. The Notice program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, the terms of the Settlement, Class Counsel's Fee Application and request for a service award for Plaintiffs, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or the request for a service award for Plaintiff. The Notice and Notice program constitute sufficient notice to all persons entitled to notice. The Notice and Notice program satisfy all applicable requirements of law, including, but

not limited to, Federal Rule of Civil Procedure 23(c) and the Constitutional requirement of due process.

Pursuant to the terms of the Settlement Agreement, Nationstar is hereby directed to supply, after a confidentiality and non-disclosure agreement is executed by the Settlement Administrator, an electronic list or lists to the Settlement Administrator containing the names, fees paid, last known addresses, and social security numbers of Settlement Class Members, to the extent available from Nationstar's records, and the Settlement Administrator shall update the addresses in accordance with the Settlement Agreement.

No later than fourteen (14) days following entry of this Order, the Settlement Administrator shall mail the Notice by first class United States mail to the updated addresses for the Settlement Class. Any Notices returned as undeliverable, but with a forwarding address, shall be promptly re-mailed to the forwarding address. The Administrator shall perform a National Change of Address Registry and LexisNexis/Death Records Search for all Notices returned as undeliverable, without a forwarding address. Such Notices shall be re-mailed upon discovery of a valid mailing address for the Settlement Class Member.

The costs and expenses of printing, preparing, and mailing the Notice shall be paid from the Settlement Fund. The costs and expenses for re-mailing any Notices shall be paid from the Settlement Fund as well.

<u>Final Approval Hearing, Opt-Outs, and Objections</u>

The Court directs that a Final Approval hearing shall be scheduled for _____, 2022, at \_\_\_\_ a.m./p.m., to assist the Court in determining whether to grant Final Approval of the Settlement and enter final judgment, and whether Class Counsel's Fee Application and request for service awards for Plaintiff should be granted.

The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise the right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Notice at any time before the Opt-Out Deadline. To be valid and timely, opt-out requests must be postmarked on or before the Opt-Out Deadline and mailed to the address indicated in the Notice, and must:

1) identify the case name;

2) identify the name, current address, property address, Class Loan number and last four digits of the Social Security Number of the Settlement Class Member;

3) be personally signed by the Settlement Class Member requesting exclusion; and

4) contain a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as "I hereby request that I be excluded from the proposed Settlement Class in the Class Action."

Mass or class requests for exclusion shall not be allowed. Each co-borrower must submit a request for exclusion in order for a Settlement Class Member to validly opt out of the Settlement Class.

The Opt-Out Deadline shall be stated as a date certain in the Notice and shall be no less than sixty (60) days after Notice is mailed. All persons within the Settlement Class definition who do not timely and validly opt-out of the Settlement Class shall be bound by the terms of the Settlement.

The Court further directs that any member of the Settlement Class who does not timely and validly opt-out of the Settlement Class may object to the Settlement, Class Counsel's Fee Application, and/or the request for service awards for Plaintiff. Objections must be in writing and electronically filed with the Court or mailed to the Clerk of the Court. For an objection to be considered by the Court, the objection must be electronically filed or mailed first-class postage

prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified in the Notice which Objection Deadline shall be a date no less than forty-five (45) days after Notice is mailed by the Settlement Administrator. For an objection to be considered by the Court, the objection must also set forth:

a. The name of the Action;

b. The objector's full name, address, telephone number, and Class Loan number;

c. An explanation of the basis upon which the objector claims to be a Settlement Class Member;

d. All grounds for the objections, accompanied by any legal support for the objection;

e. For any objector who did not receive Mail Notice and claims to be a member of the Settlement Class, the objector must prove:

 i. A true and correct copy of the objector's residential mortgage loan; and

 ii. A true and correct copy of documents showing that the objector, during the Class Period, paid to Nationstar a fee for optional payment services and the Fee was not waived or refunded.

f. The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g. The identity of all counsel representing the objector who will appear at the Final Approval Hearing;

    h.    A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

    i.    A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

    j.    The objector's signature (an attorney's signature is not sufficient).

    k.    A list of all other objections and consideration paid to resolve them.

<u>Further Papers In Support Of Settlement and Fee Application</u>

Plaintiff shall file her Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and request for service awards for Plaintiff, no later than seven (7) days after the Opt-Out Deadline. If Nationstar chooses to file any papers in support of the Settlement, it also must do so no later than twenty-one (21) days after the Opt-Out Deadline.

<u>Stay/Bar Of Other Proceedings</u>

All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Persons (as defined in the Settlement Agreement) any action or proceeding in any court, arbitration forum or tribunal asserting any of the Settled Claims.

Based on the foregoing, the Court sets the following schedule for the Final Approval hearing and the actions which must precede it:

- The Settlement Administrator shall mail the Notice no later than fourteen (14) days from the date of this Order (the "Notice Date");

- Settlement Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the request for a service award no later than the Objection Deadline specified in the Notice which shall be no earlier than forty-five (45) days after the mailing of the Notice;

- Settlement Class Members must file requests for exclusion from the Settlement no later than the Opt-Out Deadline specified in the Notice which shall be no earlier than sixty (60) days after the mailing of the Notice;

- Plaintiff shall file her Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and Request for a service award for Plaintiff, no later than seven (7) days after the Opt-Out Deadline; and

- The Final Approval Hearing will be held (approximately) 100 days after entry of this Order,[1] on Oct. ~~18~~ 20, 2022, at, 2 a.m./p.m. in the Courtroom of the Honorable John Preston Bailey, United States Courthouse, 1125 Chapline Street, Wheeling, West Virginia, 26003.

Jointly Agreed to and Submitted By:

Jonathan R. Marshall (WVSB #10580)
Patricia M. Kipnis (WVSB #12896)
James L. Kauffman (admitted pro hac vice)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555

John C. Lynch (WV Bar No. 6627)
Jason E. Manning (WV Bar No. 11277)
Megan E. Burns (WV Bar No. 13290)
Counsel for Defendants
TROUTMAN SANDERS HAMILTON PEPPER LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462

---

[1] This Final Approval Hearing date is no earlier than 90 days after mailing of notices pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715.

- 9 -

Jason E. Causey (WVSB #9482)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
jcausey@bordaslaw.com
(304) 242-8410

Telephone: (757) 687-7564

*Counsel for Defendant*

*Counsel for Plaintiff and the Settlement Class*

IT IS SO ORDERED.

Dated: __7/12/__, 2022         _____

cc: All Counsel of Record

127463135